# UNITED STATES DISTRICT COURT

for the
Eastern District of Missouri

In the Matter of the Search of )
) 
THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE ) Case No.   4:22 CR 5219 NAB
CELLULAR DEVICE ASSIGNED ELECTRONIC )
IDENTIFYING NUMBER (573) 476-3558. ) SIGNED AND SUBMITTED TO THE COURT FOR
) FILING BY RELIABLE ELECTRONIC MEANS

**FILED**
SEP 14 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION FOR A SEARCH WARRANT

I, Christopher Schmieding, USMS, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

SEE ATTACHMENT A

located in the    EASTERN    District of    MISSOURI   , there is now concealed

SEE ATTACHED AFFIDAVIT

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ❏ evidence of a crime;
- ❏ contraband, fruits of crime, or other items illegally possessed;
- ❏ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21:841(a); | Possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; |
| 18:924(c) | Possession of a firearm in furtherance of a drug trafficking crime |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☑ Delayed notice of  180  days (give exact ending date if more than 30 days:  03/14/2023  ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under the penalty of perjury that the foregoing is true and correct.

*Applicant's signature*

DUSM Christopher Schmieding, USMS
*Printed name and title*

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: 14 Sept. 2022

*Judge's signature*

City and state:  St. Louis, MO         Honorable Nannette A. Baker, U.S. Magistrate Judge
*Printed name and title*

AUSA:   Martin

## ATTACHMENT A

PURSUANT TO AN INVESTIGATION OF:

The cellular device assigned electronic identifying number **(573) 476-3558** (hereinafter the "**target cellular device** "), and the individual known as Le'Rob HALL for violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c), (hereinafter the "subject offense(s)"), the Warrant authorizes the United States Marshals Service and other authorized federal/state/local law enforcement agencies (hereinafter referred to as "investigative agency(ies)") to use an electronic surveillance technique, that being a cell-site simulator (hereinafter "cell-site simulator") for a period of forty-five (45) days following the issuance of this warrant i.e., September 14, 2022, to October 28, 2022, 11:59 p.m. (CT), at all times of day and night, to determine the location of the target cellular device.

This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. See 18 U.S.C. § 3103a(b)(2).

Ascertaining and monitoring of the location of the target cellular device by the methods described herein will begin within ten (10) days of the date of issuance of the Warrant and Order.

The investigative agency(ies) will make no affirmative investigative use of any identifiers collected from cellular devices other than the target cellular device(s), except to locate the target cellular device(s). Once investigators ascertain the location of the target cellular device, they will end the collection, and any information collected concerning cellular devices other than the target cellular device(s) will be deleted.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED ELECTRONIC IDENTIFYING NUMBER (573) 476-3558. ) ) ) ) ) ) ) | No. 4:22 MJ 5219 NAB<br>**FILED UNDER SEAL**<br><br>SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A WARRANT
TO AUTHORIZE USE OF A CELL-SITE SIMULATOR TO LOCATE THE
CELLULAR DEVICE**

I, Christopher Schmieding, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic surveillance technique, that being a cell-site simulator (hereinafter "cell-site simulator"). Because collecting the information authorized by the warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," the warrant is designed to comply with the Pen Register Statute as well as Rule 41. *See* 18 U.S.C. §§ 3121-3127 (3) & (4). Therefore, the Application and Warrant include all the information required to be included in a pen register order. *See* 18 U.S.C. § 3123(b)(1).

2.  I am a Deputy United States Marshal, with the United States Marshals Service (USMS) and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories, and possessions. My current duty assignment as a deputy in the Eastern District of Missouri obligates me to investigate, locate, and apprehend state and federal fugitives. I have been employed as a Deputy United States Marshal for approximately five (5) years and have a cumulative total of approximately 15 years of experience as a law enforcement officer.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in the Affidavit, there is probable cause to believe that the target subject has been charged with Possession with Intent to Distribute 50 Grams or more of a mixture or substance containing a detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States, Code, Section 924(c)(1) in Case No. 4:22-CR-00485-SEP/PLC.  There is also probable cause to believe that locating the target cellular device will assist law enforcement in arresting the target subject, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## LOCATION TO BE SEARCHED

5.      The location to be searched is:

Target cellular device assigned phone number **(573) 476-3558**, whose wireless provider is AT&T, and whose listed subscriber is Chris Hall  (hereinafter the "target cellular device").

7.      One purpose of applying for this warrant is to determine the target cellular device's location.  As described herein, there is reason to believe the target cellular device is currently located somewhere within this district because on September 09, 2022, in the Eastern District of Missouri, your affiant applied for, and received, a federal search warrant authorizing the monitoring of Precision Location Information associated to the phone number.  A pen register and trap and trace for the associated phone number was authorized as part of the search warrant as well

2

(Cause No. 4:22-CR-00485-SEP/PLC). Precision location information for the target cellular device showed it to spend nearly all of it's time in locales in north St. Louis City, Missouri.

## BACKGROUND CONCERNING THE USE OF CELL-SITE SIMULATORS

8.  In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

9.  To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

10. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target

3

Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device.  To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## INVESTIGATION AND PROBABLE CAUSE

11. On August 31, 2022, a warrant was issued by the United States District Court for the Eastern District of Missouri for Le'Rob HALL's arrest for alleged violations of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute 50 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, and 18 USC  § 924 (c)(1), Knowingly Possessing a Firearm in Furtherance of a drug trafficking crime.

12. The USMS was assigned apprehension responsibilities for HALL, and an investigation into HALL's whereabouts was initiated by the USMS and other law enforcement officials.

13. During the course of the investigation into the location of HALL, the investigative team including myself, have conducted surveillance and interviewed multiple individuals in an attempt to locate HALL. Although HALL's whereabouts are still unknown, I have developed information as a result of these interviews as to the telephone number HALL is using.

14. During the Course of the investigation, I learned that HALL was known to drive a Dodge Challenger bearing VIN number 2C3DZAT3FH783161. I ran this vehicle through law enforcement data bases and learned the car had been abandoned at Alex's Auto Body shop, located in St. Louis, MO, in August of 2022.  During an interview with a source employed with Alex's Auto Body shop located in St. Louis, MO, I learned that HALL had the Dodge Challenger, bearing

4

VIN number 2C3DZAT3FH783161, towed to Alex's Auto Body shop, in August of 2022. The source at Alex's Auto Body shop advised that the car was towed from 2751 Allen Ave., St. louis, MO. This is known to investigators to be the residence of HALL's mother, Lakysha SMITH. The source employed at the auto shop provided me with the telephone number HALL reported as his contact number. The number HALL gave was **(573) 476-3358**.

15. On September 6, 2022, I requested and received historical call records for telephone number, **(573) 476-3358**. Basic subscriber information provided by AT&T states that Chris HALL currently owns this telephone number. It is known to investigators that narcotics traffickers will often use a variation of their name that is tied to their phone as a way of eluding law enforcement. Investigators believe Le'Rob Christopoher HALL used his middle name and last name as his subscriber information on this phone giving the name Chris HALL.

   (a) Communication included in these historical call records includes calls for the time period of July 7th, 2022, to September 6th, 2022. Calls history as late as September 6th, 2022 indicates that the phone is still in use.

   (b) Included as frequent callers to the target telephone number **(573) 476-3358** are telephone number 636-706-4181, know to investigator's to be HALL's mother, Lakysha SMITH's number, and 314-942-1496, known to investigators to be the telephone number of Alex's Auto Body shop.

16. A search of the commercial database CLEAR revealed that telephone number **(573) 476-3358** belongs to Le'Rob HALL.

17. A search of the commercial application "Cash App" revealed that the target telephone number **(573) 476-3358** is currently being used by an individual with the username "Chris HALL".

5

18. On September 9, 2022, the USMS served a Precision Location Warrant, issued by the District Court in the Eastern District of Missouri, to AT&T in order to obtain location information on HALLS telephone number, **(573) 476-3358**. I began receiving information as to the location of telephone number **(573) 476-3358** on September 9, 2022. The location information provided by AT&T revealed that HALL is staying overnight, at the vicinity of the intersection of Natural Bridge Ave. and Harris Ave., in St. louis, MO. Investigators have conducted surveillance and have cross referenced all known associates and family members with the intersection of Natural Bridge Ave. and Harris Ave. Investigators have not been able to link an address to HALL, in the area of interest. The area HALL is residing is a densely populated urban area with many multi-unit dwelling places making it difficult to narrow down the exact location where HALL is residing.

19. The investigation has demonstrated that the target cellular device is being used by Le'Rob HALL, who is charged with Possession with Intent to Distribute 50 Grams or more of a mixture or substance containing a detectable amount of Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1), in Case No. 4:22-CR-00485-SEP/PLC, and whose whereabouts are currently unknown.

20. It is critical that the investigative team be able to locate and monitor the movements of the target cellular device thereby assisting in the location and arrest of Le'Rob HALL. Thus, your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

## CONCLUSION

21.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

22.     In light of the foregoing, the Government requests, pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 3123, that this Court issue a warrant authorizing the investigative agency(ies) to employ a cell-site simulator, described in this affidavit to capture and analyze radio signals, including the unique identifiers emitted by the target cellular device used by the target subject, but not the content of any communications, to determine the location(s) of the target cellular device for a period of forty-five (45) days following the issuance of the Court's Warrant, as described in Attachment A. The cell-site simulator may capture information related to such cellular telephone(s) when the telephone is located in a protected space such as a residence.

23.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice for a period of six months from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. See 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. See 18 U.S.C. § 3103a(b)(3).

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

25. Ascertaining and monitoring of the location of the target cellular device by the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

26. Finally, in light of the ongoing nature of the investigation as reflected in the attached Affidavit, applicant requests that the Applications, the Affidavit, and Warrant be sealed.

I state under the penalty of perjury that the foregoing is true and correct.

09/14/2022
DATE

Christopher Schmieding
Deputy U.S. Marshal
United States Marshals Service

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41 on this __14__ day of September, 2022.

HONORABLE NANNETTE A. BAKER
United States Magistrate Judge
Eastern District of Missouri

## ATTACHMENT A

PURSUANT TO AN INVESTIGATION OF:

The cellular device assigned electronic identifying number **(573) 476-3558** (hereinafter the "**target cellular device** "), and the individual known as Le'Rob HALL for violations of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 924(c), (hereinafter the "subject offense(s)"), the Warrant authorizes the United States Marshals Service and other authorized federal/state/local law enforcement agencies (hereinafter referred to as "investigative agency(ies)") to use an electronic surveillance technique, that being a cell-site simulator (hereinafter "cell-site simulator") for a period of forty-five (45) days following the issuance of this warrant i.e., September 14, 2022, to October 28, 2022, 11:59 p.m. (CT), at all times of day and night, to determine the location of the target cellular device.

This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. See 18 U.S.C. § 3103a(b)(2).

Ascertaining and monitoring of the location of the target cellular device by the methods described herein will begin within ten (10) days of the date of issuance of the Warrant and Order.

The investigative agency(ies) will make no affirmative investigative use of any identifiers collected from cellular devices other than the target cellular device(s), except to locate the target cellular device(s). Once investigators ascertain the location of the target cellular device, they will end the collection, and any information collected concerning cellular devices other than the target cellular device(s) will be deleted.